UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL L. STOCK,

    Plaintiff,

v.                                          CASE NO.: 8:13-cv-2373-T-23TGW

MORTON PLANT MEASE
HEALTH SERVICES, INC., et al.,

    Defendants.
_____/

**ORDER**

The plaintiff moves (Doc. 28) to remand. The defendants file three responses. (Docs. 34, 35, and 37) BayCare's response (Doc. 37) argues that the complaint invokes federal question jurisdiction because the plaintiff asserts a federal claim in Count V. The plaintiff argues that "the citations of 15 USC 1681s-2(a)(1)(A) and 15 USC 1681s-2(a)(2) as they appear in Count V were made by simple mistake . . . and intended only to support the Florida law and not invoke a right to Federal enforcement." (Doc. 28 at 17) The complaint testifies otherwise. For example, the title of Count V includes, "Violation of 15 USC 1681S-2(a)(1)(A) and 15 USC 1681s-2(a)(2)," and the "wherefore" clause of Count V states, "Plaintiff respectfully demands judgment against MFP and BAYCARE, for MFP's <u>VIOLATION OF . . . US CODE 15 USC 1681S-2(a)(1)(A) and 15 USC 1681s-2(a)(2)</u> . . . ." (Doc. 2-1 at 7) Accordingly, the plaintiff's inclusion of a federal count permits the invocation of federal question jurisdiction.

Also, the plaintiff argues that the federal claim is barred and jurisdiction extinguished by expiration of the applicable limitation. Citing *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1354 (Fed. Cir. 2006), the plaintiff argues that "an extinguished statute of limitation is jurisdictional." (Doc. 28 at 18) However, *John R. Sand & Gravel* considers the jurisdiction of the Court of Federal Claims, an Article I court:

> The Tucker Act, 28 U.S.C. § 1491(a)(1), provides the Court of Federal Claims with jurisdiction over takings claims brought against the United States. Pursuant to 28 U.S.C. § 2501, claims brought in the Court of Federal Claims under the Tucker Act are "barred unless the petition thereon is filed within six years after such claim first accrues." The six-year statute of limitations set forth in section 2501 is a jurisdictional requirement for a suit in the Court of Federal Claims.

(citations omitted). In this action – an action pending before an Article III court and governed by the Federal Rules of Civil Procedure – the expiration of the applicable limitation is an affirmative defense that under Rule 8(c)(1) is waived if not pleaded, and, of course, jurisdiction persists notwithstanding the expiration of a waived statute of limitation. *John R. Sand & Gravel*'s discussion of jurisdiction and the expiration of an applicable limitation is irrelevant.

United argues that Counts II through IV – each of which asserts a state law claim – are completely preempted and perforce that preemption are within federal jurisdiction. For jurisdictional purposes, resolving this dispute is unnecessary. Even if the counts are not completely preempted, the counts are within a federal court's supplemental jurisdiction because the counts "arise out of a common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597

(11th Cir. 1997). Accordingly, the plaintiff's motion (Doc. 28) for remand is **DENIED**.

Also, the plaintiff moves (Doc. 46) to amend the complaint. Although the defendants' complete-preemption argument is no longer needed to determine whether subject matter jurisdiction exists, resolving the complete-preemption issue influences whether to grant the plaintiff's motion to amend. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 809 (7th Cir. 2009) ("Because [the plaintiff's] claim is completely preempted by federal law, the district court must address that claim under [federal law], and therefore must provide [the plaintiff] with an opportunity to amend his complaint to ensure that he properly states a claim under the governing law."); *Ehlen Floor Covering, Inc. v. Lamb*, 2008 WL 4097712 (M.D. Fla. Sept. 3, 2008) (Steele, J.) ("[T]he state-law claims subject to ERISA complete preemption are not subject to dismissal but rather they are simply converted into federal causes of action. . . . Plaintiffs will be permitted to file an Amended Complaint recharacterizing their claims under ERISA.").

Complete preemption is an exception to the well-pleaded complaint rule. Complete preemption is distinct from defensive preemption, which includes conflict preemption and field preemption. *Connecticut State Dental Association v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009), explains:

> Complete preemption, also known as super preemption, is a judicially-recognized exception to the well-pleaded complaint rule. It differs from defensive preemption because it is jurisdictional in nature rather than an affirmative defense. Complete preemption under ERISA derives

- 3 -

>from ERISA's civil enforcement provision, § 502(a), which has such "extraordinary" preemptive power that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."

(citations omitted).

The plaintiff alleges three counts – Counts II through IV – against United. To demonstrate that a plaintiff's claim is completely preempted, the defendant must show "(1) [that] the plaintiff could have brought its claim under § 502(a) [of ERISA]" and "(2) [that] no other legal duty supports the plaintiff's claim." *Connecticut State Dental*, 591 F.3d at 1345. The first "part of the test is satisfied if two requirements are met: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA." *Connecticut State*, 591 F.3d at 1350.

Analyzing each element of the test, United convincingly argues (Doc. 35 at 3-7) that the Counts II through IV are completely preempted. *See Earley v. Liberty Life Assur. Co. of Boston*, 2013 WL 3772509 (M.D. Fla. July 16, 2013) ("Common law causes of action for breach of contract, negligence, conspiracy and/or fraud are preempted by ERISA."); *Ehlen Floor Covering, Inc. v. Lamb*, 859 F. Supp. 2d 1285, 1292 (M.D. Fla. 2012) (Steele, J.) ("Displaced state law claims include claims for common law causes of action such as breach of contract and negligent misrepresentation."); *see also Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1353 (11th Cir. 2009) ("[W]here removal jurisdiction exists over a

completely preempted claim, the district court has jurisdiction over any claims joined with the preempted claim.).[1]

The plaintiff's motion (Doc. 46) to amend the complaint is **GRANTED IN PART**.[2]  No later than **APRIL 24, 2014**, the plaintiff may amend the complaint in the manner identified in his motion, but the plaintiff may not add a new count.  Also, the plaintiff must "recharacterize" the claims alleged against United (i.e., Counts II through IV) to allege ERISA, not state, claims against United.  The motion (Doc. 15) to dismiss the complaint is **DENIED AS MOOT**.  The motion (Doc. 36) for summary judgment is **DENIED WITHOUT PREJUDICE**.  The motions (Docs. 43 and 44) for sanctions are **DENIED**.

ORDERED in Tampa, Florida, on April 16, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] For Counts II and III, the plaintiff's motion fails to address even one element of the complete preemption test. Instead, the plaintiff asserts that United relies on an "alternative narrative." Although the plaintiff identifies the disputed portions of United's "alternative narrative," the plaintiff fails to explain how the removal of Claims II and III depends on that narrative. Review of United's argument reveals that, even when disregarding United's "alternative narrative," the removal is proper.

For Count IV, the plaintiff cites *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003). "However, the preemption at issue in *Miller* was conflict preemption under ERISA § 514 . . . whereas the preemption at issue here is complete preemption under ERISA § 502." *Quality Infusion Care Inc. v. Humana Health Plan of Tex. Inc.*, 290 F. App'x 671, 681 (5th Cir. 2008).

[2] This order analyses BayCare's and United's responses to the plaintiff's motion to remand. Arguing that Count I is preempted, but not completely preempted, MFP responds (Doc. 34) to the motion to remand and asks for this order to dismiss Count I *sua sponte*. The request is denied. MFP may assert the preemption argument by motion.